IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JACK E. SCHECHTER,

                     Petitioner,

     v.                           CASE NO.  04-3458-SAC

EMMALEE CONOVER, Warden,
et al.,

                     Respondents.

**MEMORANDUM AND ORDER**

This is a petition for writ of habeas corpus, 28 U.S.C. 2254, filed by an inmate of the Winfield Correctional Facility, Winfield, Kansas. Petitioner was granted leave to proceed in forma pauperis. An order to show cause issued and respondent filed an Answer and Return, which includes the state court records. Petitioner did not file a Traverse.

Schechter claims the State of Kansas denied his right to assistance of counsel to appeal the denial of his motion to withdraw his plea, in violation of his due process and equal protection rights. The facts upon which his claim is based are as follows. Petitioner was originally charged with Unlawfully Manufacturing Methamphetamine, Possession of Methamphetamine, and Possession of Drug Paraphernalia. He was convicted in the District Court of Stevens County, Kansas, after plea negotiations upon his plea of no contest to an amended charge of possession of methamphetamine with intent to sell within 1000 feet of a school. The other charges were dismissed. He was sentenced on July 1, 2003, to 54 months in prison. On April 14, 2003, petitioner

"filed a motion to withdraw his plea on the basis that the district court failed to establish a factual basis for two elements of this offense, namely the element of intent to sell and the element that the Petitioner was within 1000 feet of a school." The district court denied his motion to withdraw on May 10, 2004. Petitioner submitted a Motion to Reconsider and/or Alter or Amend on May 24, 2004, which the district court denied on May 26, 2004. Petitioner "then filed a Notice of Appeal and Request for Appointment of Appellate Counsel on June 7, 2004," and "attached a notarized forma pauperis affidavit to the Notice of Appeal." Petitioner referred to the attachment to his notice of appeal as an "affidavit of indigency" in support of his request for appointment of appellate counsel. See Notice of Appeal and Request for Appointment of Appellate Counsel, Case No. 03-CR-29 (filed June 7, 2004). The district court denied his request for appellate counsel by order dated July 12, 2004. Petitioner alleges that as a result his appeal never proceeded. The order reasoned there is no constitutional right to counsel in post-conviction proceedings or motions, *citing* State v. Nunn, 247 Kan. 576, 584 (Kan. 1990)(A motion for new trial based upon newly discovered evidence, filed after sentencing, is "comparable to the procedure provided under K.S.A. 60-1507"); see also State v. Jackson, 255 Kan. 455, 459 (Kan. 1994)(The K.S.A. 60-1507 procedure governing hearings should apply to motions to withdraw guilty plea filed after sentencing).

The United States Supreme Court and as well as the Kansas[1] state courts have long held "there is no constitutional right to counsel at each and every post-conviction proceeding motion." See e.g., Nunn, 247 Kan. at 583; Pennsylvania v. Finley, 481 U.S. 551, 555 (1987)(Prisoners do not have a constitutional right to counsel "when mounting collateral attacks upon their convictions"); Coleman v. Thompson, 501 U.S. 722, 725 (1991)("there is no constitutional right to an attorney in state post-conviction proceedings").

The state district judge cited K.S.A. 22-4506(b) governing when counsel should be appointed in a post-conviction proceeding as pertinently providing, "If the court finds that the petition or motion presents substantial questions of law or triable issues of fact . . . the court shall . . . appoint counsel . . . ." He found petitioner had not "raised any question of law or triable issue of fact" in either his Motion to Withdraw the Nolo Contendere Plea or his Motion for Reconsideration.  Schechter asserts he "appealed" this denial by filing a petition for writ of mandamus on September 7, 2004, directly in the Kansas Supreme Court requesting that court to order Judge Smith of the district court to appoint appellate counsel.  The mandamus action was summarily denied on October 26, 2004.

In considering whether appointment of counsel is required, motions to withdraw plea after sentencing are comparable to

---

[1] Kansas statutes provide for counsel at pretrial proceedings, at trial, on appeal, and on K.S.A. 60-1507 motions if the trial court, after examining the merits of the motion, determines that the motion presents substantial questions of law or triable issues of fact. Jackson, 255 Kan. at 459, *citing* State v. Andrews, 228 Kan. 368, 373-75 (Kan. 1980).

motions for new trial after sentencing and to K.S.A. 60-1507 motions. "After sentencing, a state district court may set aside a conviction and permit the defendant to withdraw his plea to correct manifest injustice." K.S.A. 2004 Supp. 22-3210(d). A defendant's motion to withdraw his plea is to be treated as a 60-1507 motion. <u>Jackson</u>, 255 Kan. at 458-59. Under Kansas law, a hearing and appointment of counsel may be required for some motions to withdraw a plea of guilty or nolo contendere. However, as with a motion for new trial after sentencing and a 1507 motion, if the motion to withdraw a plea fails to raise substantial questions of law or triable issues of fact requiring an evidentiary hearing or legal arguments or briefs, then the motion does not constitute a critical stage of the proceedings and due process does not require appointment of counsel. <u>Id</u>. at 460-61. The state court's finding that petitioner was not entitled to counsel on appeal of denial of his motion to withdraw is not shown to be contrary to prevailing Supreme Court precedent or a violation of federal or constitutional law. In short, petitioner's claim has no legal merit.

Moreover, it is well-settled that a defendant who knowingly and voluntarily pleads guilty waives all non-jurisdictional challenges to his conviction. Having pled guilty, a defendant's only avenue for challenging his conviction is to claim he did not voluntarily or intelligently enter his plea. Petitioner bargained for dismissal of two of the original charges and agreed to amendment of the third charge to which he pled guilty. Instead of claiming he did not voluntarily or intelligently enter

4

his plea, he seeks to challenge its factual basis.

It is also well-settled that a state prisoner who fails to present his claims to the state courts has either not exhausted or has waived his claims. Since petitioner failed to properly perfect his appeal to the KCOA, that court was not allowed to review the denial of his motion to withdraw on the merits. Moreover, since petitioner failed to obtain a ruling from the KCOA, he could not appeal to the Kansas Supreme Court.

In addition, the court finds respondent's argument, that Schecter's federal petition was not timely filed, has factual and legal support in the record and is not refuted by petitioner. 28 U.S.C. 2244(d)(1) provides a one-year statute of limitations within which state prisoners must file their federal habeas petitions. The period runs from the date on which petitioner's direct appeal from his conviction became final. 28 U.S.C. 2244(d)(1)A. Under the statute any time is tolled during which "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. 28 U.S.C. 2244(d)(2); <u>Duncan v. Walker</u>, 533 U.S. 167 (2001).

In order to determine the start of the limitations period, the court must decide when Schechter's conviction became final. Respondents argue it was final on the day petitioner was sentenced, July 1, 2003. They reason that Kansas law "specifically prohibits a direct appeal from a conviction based on a plea of guilty or nolo contendere," citing K.S.A. 22-3602(a). However, even if the court assumed petitioner's

5

conviction was not final until 10 "business" days after sentencing, the time in which petitioner could have appealed had he reserved an issue, it would not render his federal action timely. The court assumes the limitations period started at the latest on July 15, 2003.

The limitations period then ran for approximately 273 days until April 14, 2004, when it was statutorily tolled. On that date, the filing of Schechter's motion to withdraw his plea, which was proper and related to his conviction, tolled its running. This "collateral action" was "pending" until 30 days after the denial on May 26, 2004, of petitioner's motion to reconsider its denial, or until June 25, 2004. Petitioner filed a notice of appeal to the Kansas appellate court together with a motion for appointment of appellate counsel on June 7, 2004. However, he failed to follow procedures to perfect his appeal, namely satisfying the filing fee. Thus, the tolling of the limitations period continued for only the 30 days in which petitioner could have timely appealed to the KCOA. In the meantime, the district court denied petitioner's motion for appointment of appellate counsel on June 12, 2004. On June 25, 2004, the statute of limitations again commenced running with around 82 days remaining and expired around September 15, 2004. Schechter's 2254 petition was not executed until December 3, 2004.

On September 7, 2004, petitioner filed a Petition for Writ of Mandamus as an original action in the Kansas Supreme Court seeking an order compelling the state district judge to appoint

counsel to represent him in appealing the denial of his motion to withdraw.  This action was summarily denied on October 26, 2004.  Although petitioner refers to this as an appeal of the denial of his motion for appointment of counsel, it was not an appeal through proper procedures of either his motion to withdraw or for appointment of appellate counsel.  Morever, as pointed out by respondents, it was not an "application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" since it sought only to compel the state judge to appoint counsel.  See May v. Workman, 339 F.3d 1236, 1237 (10th Cir. 2003)(motions which are not collateral proceedings do not toll the filing period); see Moore v. Cain, 298 F.3d 361, 366-67 (5th Cir. 2002).  For these reasons, the court finds petitioner's mandamus petition to the state supreme court was not a "properly filed application" and therefore did not toll the statute of limitations.  It follows that the limitations period in this case expired before petitioner filed his federal petition.

Petitioner filed no response to respondents' allegations that this action was not timely.  Thus, he has presented no "extraordinary circumstances" beyond his control which would justify equitable tolling of the limitations period.  The court finds no indication in the record of such circumstances.

The court concludes that petitioner's claim is without factual or legal merit, and that he has not refuted the untimeliness of his federal petition.

IT IS THEREFORE BY THE COURT ORDERED that this action is dismissed and all relief denied.

7

**IT IS SO ORDERED.**

Dated this 26th day of May, 2005, at Topeka, Kansas.

<pre>
                              s/Sam A. Crow
                              U. S. Senior District Judge
</pre>